**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DOUGLAS WAYNE DERELLO, Jr., AKA
Douglas Wayne Derello,

Plaintiff-Appellant,

v.

DAVID SHINN, Director; KARR, Deputy
Warden at SMU; CARR, First name
unknown,

Defendants-Appellees.

No. 21-15246

D.C. No. 2:20-cv-00956-MTL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted April 11, 2022**

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Arizona state prisoner Douglas Wayne Derello appeals pro se from the

district court's summary judgment for failure to exhaust administrative remedies in

his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety.  We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015).  We affirm.

The district court properly granted summary judgment because Derello failed to exhaust administrative remedies and he failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him.  *See Ross v. Blake*, 578 U.S. 642-45 (2016) (setting forth circumstances when administrative remedies are effectively unavailable); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (proper exhaustion requires "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

21-15246